W.P. A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

DEVELOPMENTAL STRATEGIES COMPANY, LLC,
PROFIT SHARING PLAN,

                         Plaintiff,

      -against-

NODINE REALTY CORPORATION, STATE OF NEW
YORK, NEWELL FUNDING, LLC and
"John Doe #1" through "John Doe #10", the last 10
names being fictitious and unknown to the Plaintiff, the
person or parties intended being the persons or parties, if any,
having or claiming an interest in or lien upon the mortgaged
premises described in the complaint,

                        Defendants.

-------------------------------------------------------------------X

___ Civ. _____-____

**ECF CASE**

**NOTICE OF**
**REMOVAL**
**PURSUANT TO**
**28 U.S.C 1452(a)**

**NOTICE OF REMOVAL**

    **PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Bankruptcy Procedure 9027

and 28 U.S.C. §§ 1446 and 1452, Janice B. Grubin, Chapter 11 Trustee (the "Trustee") for

Debtors Food Management Group, LLC, KMA I, Inc., KMA II, Inc., KMA III, Inc., and Bronx

Donut Bakery, Inc. (collectively, the "Debtors"), by and through her undersigned counsel,

hereby gives notice of the removal of the above-entitled action, and all claims and causes of

action therein, currently pending in the Supreme Court of the State of New York, County of

Westchester (the "State Court Action") to the United States District Court for the Southern

District of New York, for referral to the United States Bankruptcy Court for the Southern District

of New York (the "Bankruptcy Court") and respectfully states as follows:

    1.    On August 11, 2006, Plaintiff Developmental Strategies Company, LLC Profit

Sharing Plan ("DSC"), commenced the State Court Action against defendants Nodine Realty

Corporation ("Nodine"), the State of New York, Newell Funding, LLC, as well as fictitious defendants John Doe #1 through John Doe #10 in the Supreme Court of the State of New York, County of Westchester, by filing a complaint which was assigned Index No. 06-15030.

2.      This notice is being filed within thirty (30) days of the Trustee's receipt of plaintiff's complaint and thus is timely under 28 U.S.C. § 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3).    The Trustee's counsel received a copy of plaintiff's complaint via first class mail on March 8, 2007.

3.      Pursuant to 28 U.S.C. § 1446(a), to the best of the Trustee's knowledge, information and belief, true and correct copies of the documents filed to date in the State Court Action, are attached hereto as Exhibit 1.

4.      As set forth below, the State Court Action directly relates to the Debtors' bankruptcy proceedings which are being jointly administered before this Court.    By its Complaint, DSC seeks to foreclose on the mortgage which was issued by Nodine on January 25, 2005 for the premises commonly known as 57 North Central Avenue, Hartsdale, New York (the "57 North Central Property").  Pursuant to the terms of a lease or otherwise, KMA III, one of the Debtors, operates a Dunkin' Donuts shop at the premises.  Thus, KMA III's interest in the 57 North Central Property will be affected by the State Court Action.  The Trustee reserves all claims that such actions violate the automatic stay set forth in action 362 of the Bankruptcy Code.

5.      In the Complaint, DSC is also taking action against the State of New York by virtue of a possible lien for unpaid New York State Franchise Taxes.  In addition, DSC is taking action against Newell Funding LLC, by virtue of its alleged mortgage lien.

6.      Because the Bankruptcy Court has original and "related to" jurisdiction over this action under 28 U.S.C. § 1334(b), removal is proper under 28 U.S.C. § 1452(a).  Under 28 U.S.C. § 1334(b), the Bankruptcy Court has original jurisdiction over this case because it arises out of and is related to the Debtors' chapter 11 cases.  The Bankruptcy Code provides that "core" proceedings include (i) matters concerning the administration of the estate or (ii) other proceedings affecting the liquidation of the assets of the estate.  *See* 28 U.S.C. § 157 (b)(2)(A) and (O).  The State Court Action fits squarely within these categories and, therefore, "arises in" connection with the Debtors' chapter 11 cases.

7.      In addition, "related to" jurisdiction exists because resolution of this case will directly impact the assets available for distribution to the Debtors' creditors.  If DSC prevails in its attempt to foreclose on the properties identified above, the Trustee may be unable to operate its Dunkin Donuts shop or otherwise convey the Debtors' interest in the 57 North Central Property.

8.      In the event this matter is deemed only a non-core or "related to" matter, the Trustee consents to entry of a final order by the Bankruptcy Court.

9.      This Court has jurisdiction over the State Court Action pursuant to 28 U.S.C. 1334.  Pursuant to the Order signed on July 10, 1984, by Acting Chief Judge Robert J. Ward this Court may refer the State Court Action to the Bankruptcy Court.

10.     The Trustee is removing the State Court Action to this Court because the action is currently pending in a state court within the district and division of this Court.  *See* 28 U.S.C. §§ 112(b) and 1391.

11.    The Trustee will promptly file a copy of this Notice with the Clerk of the Supreme Court of New York, County of Westchester and upon all counsel in the Removed Action in accordance with Bankruptcy Rule 9027(b) and (c).

**WHEREFORE,** the Trustee respectfully requests that this Court (i) remove the State Court Action to this Court, (ii) refer the State Court Action to the Bankruptcy Court, and (iii) grant such other and further relief as the Court deems necessary and just.

Dated:  April 9, 2007
         New York, New York

                                   Respectfully submitted,

                                   DRINKER BIDDLE & REATH LLP


                                   DRINKER BIDDLE & REATH LLP
                                   John J. D'Attomo (JD 9013)
                                   191 N. Wacker Drive, Suite 3700
                                   Chicago, Illinois 60606-1698
                                   (312) 569-1000

                                   —and—

                                   Janice B. Grubin (JG 1544)
                                   Paul J. Labov (PL8111)
                                   140 Broadway
                                   39th Floor
                                   New York, New York 10005-1116
                                   (212) 248-3140

                                   *Counsel for Janice B. Grubin, Chapter 11 Trustee*
                                   *for Food Management Group, LLC, KMA I, Inc.,*
                                   *KMA II, Inc., KMA III, Inc., and Bronx Donut*
                                   *Bakery, Inc.*